In re MASTERMAN, County Treasurer.

(Steuben County Court. July 17, 1909.)

1. TAXATION (§ 566*)—COLLECTORS—DEFAULT—SUMMARY REMEDIES.
    Under Tax Law, § 260 (Laws 1896, p. 886, c. 908), providing that, if any collector shall fail to pay over moneys collected or to account for the same, the County Court on application of the county treasurer shall order the sheriff of the county to levy such sum as shall remain unpaid out of the collector's property, and section 262, providing that, if any part of the moneys due are not thus collected, proceedings shall be had on the undertaking of the collector, such order must issue irrespective of any equities existing as between the collector and his sureties, or between the sureties themselves or between the collector and the estate of the bankrupt sureties, and it was no defense that the collector had deposited the funds in the bank of his sureties, and that they had become bankrupt.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 566.*]

2. TAXATION (§ 566*)—COLLECTORS—DEFAULT—SUMMARY REMEDY—DEFENSE.
    It was no defense to the application for such order that the supervisors of the county had levied taxes to take the place of the sum not accounted

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for, and that the same had been collected and paid to the treasurer prior to the argument of the motion.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 566.*]

Action by William G. Masterman, as County Treasurer of the County of Steuben, under Tax Law, § 260 (Laws 1896, p. 886, c. 908), for an order commanding the sheriff of the county to levy on real and personal property of Harry L. Cole, Collector of Taxes of the Town of Urbana. Motion granted.

James Flaherty, for the motion.
Reuben R. Lyon, opposed.

BURRELL, J. The fact upon which the questions arise are chiefly as follows: Harry L. Cole is and was the collector of the town of Urbana, Steuben county, since January 1, 1908. He gave the usual undertaking and the same was recorded in the Steuben county clerk's office. Aaron G. Pratt and Lyman Aulls among others signed his official bond as sureties. A. G. Pratt & Co. were bankers, and in March, 1908, closed their doors and were declared bankrupts. At that time they had approximately $2,800 of funds collected by Harry L. Cole as collector. Pratt & Aulls owned real estate jointly and severally as appears by the report of the trustee in bankruptcy. The estates of Aaron G. Pratt and Lyman Aulls are being administered in bankruptcy. The firm of A. G. Pratt & Co. had the money deposited by the collector. Harry L. Cole, as collector, has failed to account to the county treasurer for the sum of $2,272.28 on account of the taxes of the year 1908, and he now seeks to arrest execution on application of the county treasurer on the ground that the money was in the bank, and that the sureties on his official bond or himself either should not pay because two of his said sureties were members of a copartnership with whom he deposited the money, and the amount should be paid by these two sureties alone from the proceeds of the bankruptcy estate now being administered by the bankruptcy court. The real property of said bankrupts has been sold free and clear of all liens by order of the referee in bankruptcy, and the avails thereof is now in the hands of the trustee in bankruptcy.

This motion was first noticed to be made at Special Term on January 29, 1909, but, before the same could be argued after service of notice of motion, a stay was obtained from the referee in bankruptcy staying the argument of said motion and any further proceedings in the matter, which stay upon application to the United States District Court was promptly vacated and set aside, and in his opinion vacating said stay, in referring to the object of this motion, Judge Hazel says:

"The contemplated action against Cole under chapter 908, Laws 1896, cannot, it is thought, interfere with the orderly administration of the estate of the bankrupts. Under the circumstances of this case, the application to restrain the proceedings it is thought should be made to the state court, where any existing equities arising out of the asserted equitable assignment to the county treasurer of the claim against the bankrupts will no doubt be fully considered."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Section 260 of the tax law (Laws 1896, p. 886, c. 908) reads as follows:

"If any collector shall neglect or refuse to pay over the moneys collected by him, to any of the persons to whom he is required to pay the same by his warrant, or to account for the same as unpaid, the County Court on proof of such fact by affidavit, on application of the County Treasurer, shall make an order directed to the Sheriff of the County, commanding him to levy such sum as shall remain unpaid by such Collector out of his property, personal and real, and pay the same to the county treasurer, within sixty days from the date of such order. * * * If the whole sum due from the collector, or if a part only, or if no part thereof, shall be collected, the Sheriff shall state the fact in his return which shall be made as in the case of an execution, and the county treasurer shall give notice to the Supervisor of the town, city or division thereof, of any amount which may remain due from such collector."

### Section 262 of the tax law reads as follows:

"If it appears that the whole or any part of the moneys due from the collector has not thus been collected, the county treasurer shall forthwith give notice to the supervisor of the town or ward of the amount still due from such collector. The supervisor shall forthwith cause the undertaking of the collector to be prosecuted, and shall be entitled to recover thereon, the sum due from the collector, with costs of the action, the moneys received shall be applied and paid by the supervisor in the same manner as they should have been by the collector."

It would thus seem that the issue and return of the execution under section 260 above quoted is a condition precedent to the beginning of an action against the sureties on the official bond of the collector. The statute seems to be explicit, and makes it the duty of the county treasurer to apply for such an order, and upon proof by affidavit makes it equally the duty of the County Court to grant such an order, and that, too, irrespective of any equities existing in the case as between the collector and his sureties or between the sureties themselves or between the collector and the estate of the bankrupt sureties. This view seems to be borne out in the case of Looney v. Hughes, 26 N. Y. 514, and the court there says:

"Now suppose the supervisor, as the plaintiff's counsel contends he might, should bring suit upon the bond immediately after the collector's default in not paying over the money without waiting for the issue and return of the warrant of the county treasurer, what would be the amount of the recovery in such a case? Could the supervisor in such an action founded purely upon his common-law right avail himself of the provision in section 16 entitling him to recover the 'sum due' from the collector? What is the 'sum due' there referred to? It is, of course, the sum appearing by the sheriff's return to the warrant to remain unpaid. Can an action be maintained to recover this sum before the amount is ascertained, or before it is ascertained that any sum whatever will remain uncollected? I think clearly not. * * * It would seem, therefore, that no action could be maintained upon the bond until after the issue and return of the warrant authorized by section 13."

The bankruptcy of this banking firm and the loss of the money therein by the collector was most unfortunate and all of the equities are in favor of the collector and the remaining sureties, and against Pratt & Aulls. The question of contribution or the equities of the case urged in opposition to this motion is not before this court. That will be taken care of in the proper action no doubt at the proper time. Neither is it a question to be here decided whether it is expedient to await the administration of the estate of the bankrupt sureties and the

copartnership by the bankruptcy court, and take the chances of any funds being left to apply in the appropriate channel at some future time, as the equities of the case may seem to require, but it is a duty devolving upon the county treasurer in his official capacity to apply for this order, and it is equally the duty of the court, upon proper proof by affidavit, to grant it, and whether or not the collector, Harry L. Cole, has a prior equity against the bankrupts or not, is not to be, nor can be, determined by this motion. Harry L. Cole is not in bankruptcy, and certainly as between him and his obligations as an officer of the town of Urbana to whom he has given a bond for the faithful discharge of his duties the bankruptcy court has nothing whatever to do. Indeed, until the issuance and return of the execution asked for on this motion, either wholly or partly unsatisfied by the sheriff, as stated in section 260, it is difficult for even the bankruptcy court to say just what is legally the "sum due" upon which to apply the funds in the hands of the trustee. At the meeting of the board of supervisors of the county of Steuben, in December, 1908, the amount of $2,556.32 not having been accounted for by the collector of the town of Urbana to the county treasurer of Steuben county, the board passed a resolution in pursuance of section 93 of the tax law levying and assessing the said sum of $2,556.32 against the taxable property of the town of Urbana, and added that sum to the tax roll of said town for the year 1908. The same has since been collected, and was paid to the county treasurer just prior to the argument of this motion, so that at the time of the argument of the motion no sum was actually owing to the county treasurer. However, that in no way changes the situation. The town of Urbana has thus twice paid this amount in taxes, and, having been called upon to pay it a second time, they have the right to be reimbursed by the collector, and, if not by him, then by the sureties on his official bond, and a return of the execution to the sheriff under section 260 of the tax law asked for on this motion against the property of the collector either partly or wholly unsatisfied whatever the sum may be returned unsatisfied will fix the legal amount which the town of Urbana through its supervisor is entitled to recover from the sureties on the collector's bond; and, it being the duty of the county treasurer to apply for this order under the statute as a condition precedent for any action to be taken by the supervisor of the town of Urbana, the order asked for should be granted. An order may be prepared accordingly.